Rey GONZALEZ–MONGE, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 12–72976.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 3, 2015.*

Filed Sept. 8, 2015.

Rey Gonzalez–Monge, Los Angeles, CA,
pro se.

Chief Counsel ICE, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, Brooke Maurer,
Trial, OIL, U.S. Department of Justice,
Washington, DC, for Respondent.

Before: GRABER and WATFORD,
Circuit Judges, and TUNHEIM,** Chief
District Judge.

MEMORANDUM ***

Rey Gonzalez–Monge, a native and citi-
zen of El Salvador, petitions pro se for
review of the Board of Immigration Ap-
peals' ("BIA") order dismissing his appeal
from an immigration judge's decision de-
nying his motion to reopen based on inef-
fective assistance of counsel. Our jurisdic-
tion is governed by 8 U.S.C. § 1252. We
review for abuse of discretion the denial of
a motion to reopen. *Avagyan v. Holder,*

646 F.3d 672, 674 (9th Cir.2011). We deny
in part and dismiss in part the petition for
review.

Gonzalez–Monge argues that he failed to
attend his hearing because he was hospi-
talized, and then he failed to file a timely
motion to reopen because of his attorney's
ineffective assistance of counsel. Assum-
ing that his hospitalization was an excep-
tional circumstance, he still filed his mo-
tion to reopen more than six years after
his removal order became final, far outside
the 180–day window. *See* 8 C.F.R.
§ 1003.23(b)(4)(ii) (providing that motion
to reopen must be filed within 180 days of
a removal order entered in absentia if the
hearing was missed due to exceptional cir-
cumstances). Therefore, Gonzalez–
Monge's motion is untimely, unless subject
to equitable tolling. *See Avagyan,* 646
F.3d at 679. However, he failed to estab-
lish the due diligence required to warrant
equitable tolling of the filing deadline dur-
ing the six year period. *See id.* (equitable
tolling is available to a petitioner who is
prevented from filing because of deception,
fraud or error, and exercised due diligence
in discovering such circumstances). Even
if Gonzalez–Monge could establish that in-
effective assistance of counsel prevented
him from filing for some period of time, he
could not explain the more than one-year
delay between discovering his attorney's
disbarment and pursuing his claim. Un-
der these circumstances, the BIA did not
abuse its discretion in denying Gonzalez–
Monge's motion to reopen.

We lack jurisdiction to consider Gonza-
lez–Monge's contention regarding changed
circumstances in El Salvador because he

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** The Honorable John R. Tunheim, Chief Dis-
trict Judge for the U.S. District Court for the
District of Minnesota, sitting by designation.

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

failed to raise this claim before the BIA, and thereby failed to exhaust his administrative remedies. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir.2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Gonzalez–Monge's contention that the BIA failed to provide a reasoned explanation for its decision is not supported by the record. *See Lopez v. Ashcroft,* 366 F.3d 799, 807 n. 6 (9th Cir.2004) ("The BIA does not have to write an exegesis on every contention." (internal quotation marks and brackets omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.